**In re Gerald McKINNEY, Debtor.**

**No. 06–30314.**

United States Bankruptcy Court,
· N.D. California.

Aug. 27, 2007.

---

James F. Beiden, Law Offices of James F. Beiden, Burlingame, CA, Steven L. Jacobs, Law Offices of Steven L. Jacobs, San Leandro, CA, for Debtor.

Aron M. Oliner, Law Offices of Duane Morris, San Francisco, CA, for Trustee.

E. Lynn Schoenmann, San Francisco, CA, pro se.

Edward G. Myrtle, Office of the U.S. Trustee, San Francisco, CA, for U.S. Trustee.

## OPINION

THOMAS E. CARLSON, Bankruptcy Judge.

The question presented is whether the court may require a chapter 7 trustee to submit time records in applying for compensation. Applicant trustee argues that BAPCPA requires the compensation of chapter 7 trustees to be calculated as a

percentage of the amount distributed to creditors and that time spent is legally irrelevant. I conclude that time spent is still a relevant factor, even if it is no longer the starting point for calculating chapter 7 trustee compensation. Applicant will be allowed no compensation until she provides time records in compliance with this court's Fee Guidelines.

## FACTS

Debtor filed a chapter 13 case on April 28, 2006. The chapter 13 trustee filed objections to Debtor's proposed plan. Debtor failed to appear at the hearing scheduled to consider those objections. Debtor's counsel thought the case would be dismissed for this failure to appear, but the case was instead converted to chapter 7. Applicant E. Lynn Schoenmann was appointed as the chapter 7 trustee (hereinafter Trustee).

Debtor, believing that the case had been dismissed, entered into a contract to sell his residence. When Trustee learned of this pending sale, she and her counsel immediately took steps to investigate, concluded that the sale was in the best interest of the estate, and obtained an order authorizing her to complete the sale. With the sale proceeds, Trustee was able to pay creditors in full and return a surplus to Debtor.

Trustee filed an application for compensation in which she sought $35,891, the maximum amount permissible under section 326(a).[1] Trustee's application did not comply with this court's Fee Guidelines, in that it did not contain her time records or a narrative description of the services she performed in the case. Her counsel submitted a fee application seeking $11,124 for investigating the sale Debtor had arranged and for obtaining an order approving that sale.

Debtor objected to the fees sought by Trustee on the basis that the application did not comply with the Fee Guidelines, and on the basis that the amount sought was excessive in light of the scope and difficulty of services performed by Trustee.

Trustee's response notes that this case is governed by the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA),[2] because it was filed after October 16, 2005. Trustee argues that under BAPCPA, a chapter 7 trustee is entitled to receive the statutory maximum compensation, and cannot be made to file time records, unless the trustee is guilty of malfeasance or the results achieved are very poor.

## DISCUSSION

Prior to BAPCPA, the compensation of both chapter 7 and chapter 11 trustees was determined under the following statutory scheme. Section 326(a) provided that the court may allow "reasonable" compensation "not to exceed" a percentage of the funds distributed to creditors.[3] Section 330(a)(3) provided that in determining the

1. All statutory references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330. Section 326(a) is set forth in full in note 3, infra.

2. Pub.L. 109–8, 119 Stat. 23 (April 20, 2005).

3. Section 326(a), not modified by BAPCPA, provides:

In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

reasonableness of the trustee's compensation, the court should apply a Lodestar approach, considering "all relevant factors, including ... the time spent on such services."[4] Section 330(a)(2) authorized the court to award less than the amount sought on its own motion or on the motion of a party in interest.[5]

 BAPCPA changed how chapter 7 trustee compensation is to be determined. The compensation of both chapter 7 and chapter 11 trustees remains limited to a "reasonable" amount "not to exceed" the section 326 percentage cap. The bankruptcy court is still authorized to examine on its own motion whether the fees sought by a trustee are reasonable. BAPCPA changed, however, the *manner* in which the *reasonableness* of fees sought by a chapter 7 trustee is to be determined. Under the prior version of section 330(a), the court was directed to apply a Lodestar approach in determining the compensation to be awarded to "a trustee, an examiner, or a professional person." Under BAPCPA, the court is directed to apply the Lodestar approach only in determining the compensation of "an examiner, *chapter 11 trustee,* or professional person" (emphasis

added).[6] BAPCPA also added section 330(a)(7), which states that, in determining reasonable compensation for both chapter 7 and chapter 11 trustees, "the court shall treat such compensation as a commission, based on section 326."

Trustee contends that the deletion of chapter 7 trustees from the reach of the section 330(a)(3) Lodestar calculation precludes the court from considering time spent in determining chapter 7 trustee compensation. Trustee further contends that section 330(a)(7), which directs the court to treat trustee compensation as a "commission," requires the court to calculate chapter 7 trustee compensation purely as a percentage of funds distributed to creditors.

A "commission", in common English usage, is generally understood as an amount calculated by multiplying a predetermined percentage by the amount of the transaction. This is the plain meaning of the word "commission". This is the way sales representatives, real estate brokers, auctioneers, investment bankers, and any number of professionals who aren't paid for an hour worked are paid. In everyday business transac-

4. Former section 330(a)(1) stated that section 330(a) governed the compensation of trustees, examiners, and professional persons employed under sections 327 or 1103. Former section 330(a)(3) specified that compensation for these persons should be calculated in the following manner:

In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or

task addressed; and (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

5. Section 330(a)(2), not modified by BAPCPA, provides:

The court may, on its own motion or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, award compensation that is less than the amount of compensation that is requested.

6. Section 330(a)(1) still provides for the payment of reasonable compensation to all trustees. Amended section 330(a)(3), however, specifies that the Lodestar approach set forth therein applies only to chapter 11 trustees.

tions, the value of the transaction, and not the time spent in consummating it, is understood to determine the amount of the commission.

Trustee's Response to Debtor's Objection to Chapter 7 Trustee's Fees at 11. Trustee argues finally that BAPCPA creates a strong presumption that the maximum fee permissible under section 326(a) is reasonable compensation, and that the court should award a lesser amount only when the trustee is guilty of malfeasance or the results obtained are very poor.

Debtor argues that under section 326(a), chapter 7 trustee compensation cannot exceed the amount reasonable, and reasonableness must be determined on a case-by-case basis. Consideration of time spent is particularly important in this case, Debtor urges, because the $32,354 statutory maximum that Trustee seeks is grossly disproportionate to the limited services Trustee performed. Debtor found the buyer and negotiated the terms of sale, Debtor notes, while Trustee did little more than review the terms of sale and cut checks to the holders of a few undisputed claims.

■ For the reasons set forth below, I conclude that the court may require and consider time records in determining chapter 7 trustee compensation under BAPCPA.

First, the term "commission" cannot be read to establish a pure percentage fee that excludes consideration of time spent. Section 330(a)(7) treats the compensation of both chapter 11 and chapter 7 trustees as a commission. Section 330(a)(3) requires the commission of chapter 11 trustees to be calculated under a Lodestar approach. Thus, the calculation of a trustee's commission *affirmatively requires* consideration of time spent in at least some instances.

Second, under BAPCPA chapter 7 trustee compensation must still be reasonable. Section 330(a)(1) provides that a chapter 7 trustee may be awarded reasonable compensation. Section 326(a) provides that compensation of a chapter 7 trustee must be reasonable, in addition to capping it at a percentage of money distributed to creditors. Section 330(a)(7) directs the court to determine "the amount of reasonable compensation to be awarded a trustee."

■ Third, merely according some weight to time spent is not the same as calculating the trustee's compensation under a Lodestar approach, and does not conflict with Congress's abandonment of Lodestar as the primary means of calculating chapter 7 trustee compensation. Under the Lodestar approach, calculation of reasonable compensation starts with and is dominated by consideration of time spent. The court does not employ a Lodestar approach when it considers time spent along with other factors in determining whether the statutory maximum constitutes unreasonably large compensation in a particular case. The other relevant factors include: the scope and difficulty of services performed; the skill with which the services were performed; the percentage dividend paid to creditors; the nature and extent of services performed by other professionals employed by the estate; and the risk that the estate would not have sufficient funds to pay the trustee's compensation.

■ Fourth, BAPCPA affords the bankruptcy court even broader discretion than prior law in determining chapter 7 trustee compensation. Prior law directed the court to determine reasonableness under a Lodestar approach. BAPCPA directs the court not to use Lodestar, but does not otherwise identify the criteria the court should or should not consider. The term "commission" is not defined; the court is not otherwise told how to calculate a reasonable commission; the term commission cannot be read to mean a percentage fee

excluding all consideration of time spent; and the Code nowhere states that the statutory maximum is presumed to be reasonable. Section 330(a)(2) continues to permit the court to review requested compensation on its own motion.

■ Fifth, slavish reliance on the amount distributed to creditors is an inappropriate way to determine reasonable compensation for chapter 7 trustees. The scope and difficulty of duties that chapter 7 trustees perform vary dramatically from case to case, and often do not correspond to the amount of money distributed to creditors. The trustee in one case may make a large distribution to creditors with little effort or skill by disbursing funds from Debtor's bank account to the holders of undisputed claims. The trustee in another case may make a much smaller distribution to creditors, despite the exercise of much greater effort and skill, if the only source of payment is the trustee's recovery of avoidable transfers and the trustee must resolve disputed claims.

Sixth, Collier concludes that time spent is relevant in determining chapter 7 trustee commission under BAPCPA.

New section 330(a)(7) changes current law by providing that the compensation of a trustee is to be treated as a commission, based on the formulae in section 326(a). The primary effect of the change should be that, in the majority of cases, a trustee's allowed fee will presumptively be the statutory commission amount.

Nevertheless, labeling the trustee's fee as a commission does not avoid the requirement that the court also determine that the fee is "reasonable." The 2005 Act does not alter the provision in section 330(a)(1)(A) that limits a trustee to "reasonable" compensation. Moreover, still applicable is the prohibition, set forth in section 330(a)(4), on allowance of compensation for unnecessary duplication of services, and services that were not reasonably likely to benefit the estate or necessary to the administration of the case. Accordingly, courts will continue both to test the reasonableness of a trustee's fee, and to ensure that there is not compensation for prohibited services.

"Commission" is not a defined term under the Bankruptcy Code. Yet courts have had occasion to consider commission-based compensation awards in the context of real estate brokers. In some such cases, courts have not awarded the entire commission based fee, depending on the circumstances of the case.

Courts may be expected to continue to assess the reasonableness of a trustee's fee and award a fee that is less than the statutory commission in light of the effort expended or results obtained. For example, duplicative services, unnecessary services or nonbeneficial services should continue, as under present law, to be excluded from an award of compensation as not reasonable, even if the result is an award that is less than the statutory commission.

Similarly, there may be cases where the amount of "moneys disbursed" by the trustee may be very high in relation to the services performed, presenting a risk that a trustee may be overcompensated by applying the commission percentage. Chapter 7 cases filed with a significant amount of money in existing bank accounts, or cases where the trustee has operated the business for a period of time, or other cases where there are significant disbursements without a proportionate effort by the trustee, are examples of cases where the commission fee may not be reasonable. In such cases, even if all the services were properly performed, courts will need to assess whether the implied hourly rate is

so high as to render the fee not reasonable.

For these reasons, it will continue to be necessary for trustees to present detailed fee applications, including a schedule of the number of hours spent, daily time records supporting the time spent and a narrative of the trustee's role and accomplishments supporting the compensation award.

L. King, Collier on Bankruptcy, ¶ 330.03[1][a] at pp. 330–15–330–16 (15th ed. rev'd 2006).

Seventh, the only two published decisions to address the question hold that time spent is a relevant consideration in determining compensation of chapter 7 trustees under BAPCPA. *In re Ward*, 366 B.R. 470 (Bankr.W.D.Pa.2007); *In re Clemens*, 349 B.R. 725 (Bankr.D.Utah 2006). *Ward* relies heavily on the discussion in Collier quoted above. *Clemens* states that time spent is still a primary factor in determining reasonable compensation, and that section 330(a)(7) requires only that the court also consider the statutory maximum in determining a reasonable fee. *Clemens*, 349 B.R. at 731.

Eighth, requiring chapter 7 trustees to maintain and submit time records does not impose an undue burden, even if time spent is no longer the starting point in determining their compensation. Collier

and the decided cases state that time spent is relevant evidence in determining a reasonable commission. The trustee is the only source of this evidence. The trustee is also a closely regulated officer of the court whose compensation by statute must be determined by the court. I also note that this court's Fee Guidelines balance the benefit and burdens of requiring time records. In cases in which the compensation requested is $15,000 or less, the trustee need submit only a brief summary of services performed and a statement of the total time spent. In cases in which higher compensation is requested, the trustee must submit complete time records, and a more detailed narrative description.[7]

## CONCLUSION

Trustee has not submitted time records or a narrative description of services performed. Trustee is ordered to file, within thirty days of entry of this decision, an amended application for compensation containing time records and a narrative statement. If Trustee fails timely to do so, her application for compensation will be denied with prejudice.

---

7. The Guidelines provide in relevant part:

Chapter 7 and Chapter 11 trustees must maintain contemporaneous time records in every case. Time records must be maintained by project categories. At a minimum, project categories should include: (1) Assets Recap (asset analysis and recovery/asset disposition); (2) Investigation of Financial Affairs of the Debtor; (3) Claims Administration and Objections; and (4) Fee Applications. Trustees may add additional categories at their discretion. . . .

In cases in which the trustee's compensation request is anticipated to be $15,000 or less, the trustee may submit a brief narrative

description of the services performed and a statement of the amount of time spent. In cases in which the final compensation exceeds $15,000, or where an interim request is made and it is anticipated that the total compensation requested will exceed $15,000, the trustee's application must include time records as well as a narrative description of the services performed and comply with the guidelines referenced above.

*See* Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, Bankr.N.D. Cal. at 7. The promulgation of guidelines is authorized by Bankr. N.D. Cal. R. 9029–1.