**In re Donald W. WARD, Jean M. Ward, aka, Oliver's Appliance & TV, Debtors.**

**Richard W. Roeder, Trustee, Appellant.**

**Civil Action No. 1:08–cv–71–SJM. Bankruptcy No. 06–10389–WWB.**

United States District Court, W.D. Pennsylvania.

Sept. 25, 2009.

Richard W. Roeder, Trustee, Jennifer L. Jones, Esq., Roeder & Jones, Titusville, PA, for Appellant Roeder.

Joseph S. Sisca, Assistant United States Trustee, United States Department of Justice, Office of the United States Trustee, Pittsburgh, PA, Amicus Curiae.

## MEMORANDUM OPINION

SEAN J. McLAUGHLIN, District Judge.

Presently pending before this Court is an appeal by the Trustee, Richard W. Roeder, of the Bankruptcy Court's February 8, 2008 order awarding him payment in the amount of $5,000.00. The appeal raises questions concerning the changes wrought by § 407 of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub.L. 109–8, 119 Stat. 23, 106 (April 20, 2005), relative to the compensation of trustees in Chapter 7 proceedings.

Our jurisdiction over the present bankruptcy appeal is premised upon 28 U.S.C. § 158(a). For the reasons that follow, the Bankruptcy Court's order will be affirmed.

## I. BACKGROUND

On April 14, 2006, Chapter 7 proceedings were commenced in the case of Donald W. Ward and Jean M. Ward, a/k/a Oliver's Appliances & TV. Appellant was appointed as the Chapter 7 Trustee.

The assets in the underlying proceedings consisted of a federal income tax refund, real estate including a building, and the inventory of the business located inside the building. A sale of the real estate had been arranged prior to the commencement of bankruptcy proceedings.

On April 20, 2006, the Appellant simultaneously filed an application to be employed as attorney *pro se* and a motion to sell the real property. As a precursor to filing this motion, the Appellant undertook measures to determine whether there was equity in the property by ascertaining closing costs and determining which creditors had a secured interest in the property.

The motion for sale of the property was presented on May 15, 2006. No objections were filed concerning the motion, and the Bankruptcy Court confirmed the private sale by Order dated May 19, 2006. That same day, the Appellant filed an expedited motion to liquidate the inventory via a public auction in order to facilitate the transfer of the real estate to the purchaser. This motion was granted by the Bankruptcy Court on May 31, 2006.

The sale of the real property produced gross proceeds of $105,000.00 and net proceeds of $102,501.12. The sale of the inventory resulted in gross proceeds of $13,041.50 and net proceeds in the amount of $10,994.15. In addition, the Appellant received the Debtors' federal income tax refund in the amount of $665.00 as well as $54.74 which had been earned on a money market account. The Appellant thus calculated his fee request based upon a total compensable figure of $118,761.24.

On September 9, 2006 the Appellant filed his Final Report including his Application for Compensation seeking payment in the amount of $9,188.04 plus reimbursement of $584.66 in expenses. The account was approved by the United States Trustee and no objections were filed by any party in interest. No time sheets were submitted by the Appellant in conjunction with his fee request, based on the Trustee's position that, under 11 U.S.C.

§ 330(a)(7),[1] a Chapter 7 trustee's compensation is now required to be treated as a commission.

A hearing on the Appellant's fee application was held on December 4, 2006, at which time the court heard argument concerning the meaning of § 407 of the BAPCPA, which amended *former* 11 U.S.C. § 330(a)(3) and added a new provision now codified at 11 U.S.C. § 330(a)(7). At the conclusion of the hearing, the Bankruptcy Court took under advisement the issue of how 11 U.S.C. § 330(a)(3), as amended, and § 330(a)(7) collectively impact the pre-BAPCPA standard for analyzing requests for compensation by Chapter 7 trustees.

On April 13, 2007, the Bankruptcy Court issued an opinion in which it concluded that, even under post-BAPCPA law, courts are required to consider the reasonableness of fee requests when ruling on Chapter 7 fee applications. *See In re Ward*, 366 B.R. 470, 473 (Bankr.W.D.Pa.2007). Quoting at length from the decision *In re Clemens*, 349 B.R. 725 (Bankr.D.Utah 2006), and also from *Collier on Bankruptcy*, the Bankruptcy Court concluded that "the proportionate efforts of the Trustee do not warrant a fee of $9,188.64 for the Trustee's services in this case." 366 B.R. at 476. The Bankruptcy Court therefore tentatively rejected the Appellant's requested fee and proposed a fee award in the amount of $5,000.00 instead, indicating that the Appellant would be given an opportunity to request an evidentiary hearing. *Id.*

The Appellant accepted the Bankruptcy Court's invitation and a hearing was held on May 23, 2007. Thereafter, on February 8, 2008, the Bankruptcy Court entered an order formally awarding the Appellant $5,000.00 in compensation[2] and stating that "[t]he testimony elicited" during the May 23, 2007 hearing "did not modify the Court's view on the amount of reasonable compensation as expressed in the OPINION of April 13, 2007." (*See* Bankr.Ct. Order of 2/8/08 [1–4].)

This appeal followed in which both the Appellant and the United States Trustee, acting as *Amicus Curiae*, have filed briefs challenging the Bankruptcy Court's fee award. For the sake of convenience, their arguments will be referred to collectively as arguments by the "Trustee."

## II. STANDARD OF REVIEW

 In reviewing the Bankruptcy Court's determinations, we review its legal determinations *de novo*, its factual findings for clear error, and its exercise of discretion for abuse thereof. *Interface Group–Nevada, Inc. v. Trans World Airlines, Inc. (In re Trans World Airlines, Inc.)*, 145 F.3d 124, 131 (3d Cir.1998). "A bankruptcy court abuses its discretion when its ruling is founded on an error of law or a misapplication of law to the facts." *In re O'Brien Environmental Energy, Inc.*, 188 F.3d 116, 122 (3d Cir.1999).

## III. DISCUSSION

 The underlying Chapter 7 proceedings were filed on April 14, 2006 and so are governed by the BAPCPA, which was fully

---

1. That provision, which was added by the BAPCPA, states that "[i]n determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." 11 U.S.C. § 330(a)(7).

2. The Bankruptcy Court also awarded the Appellant full reimbursement of his expenses in the amount of $584.66 and allowed his requested compensation as Attorney Pro Se in the amount of $2,119.00. Those aspects of the Bankruptcy Court's ruling were not challenged and are not presently at issue.

enacted on October 17, 2005. Pertinently for our purposes, § 407 of the BAPCPA made certain changes to 11 U.S.C. § 330(a) which, together with § 326(a), governs the manner in which Chapter 7 trustees are compensated. The present appeal raises questions about the proper interpretation of these statutory provisions in light of the BAPCPA's amendments. For context, it is helpful to recall the statutory scheme under which trustees (both Chapter 7 and 11) were compensated prior to the BAPCPA's enactment.

We begin with § 326(a), which was not amended by the BAPCPA, and which provides that the court "may allow reasonable compensation" to both Chapter 7 and 11 trustees "not to exceed" a certain percentage of the funds distributed to creditors.[3] Section 330(a)(1)(A), which was not amended in any respect material to this appeal, similarly provides that bankruptcy courts "may award" to a trustee "reasonable compensation" for the "actual, necessary services rendered" by the trustee, subject to the provisions of, *inter alia*, 326(a). Prior to the BAPCPA, bankruptcy courts, in de-

termining the amount of "reasonable compensation" to be awarded, employed what is sometimes referred to as a "lodestar" approach. Pursuant to § 330(a)(3), bankruptcy courts considered "the nature, the extent, and the value of [the trustee's] services, taking into account all relevant factors," such as, *inter alia*, "the time spent on such services" and the "rates charged for such services."[4] In fact, bankruptcy courts were not limited to considering only those factors enumerated in § 330(a)(3); they could consider other factors as well, provided such additional factors related to "the nature, the extent, and the value" of the trustee's services. *See In re Lan Associates, XI, L.P.*, 192 F.3d 109, 123 (3d Cir.1999). Courts sometimes referred to the relevant factors as "*Johnson* factors," after the Fifth Circuit decision which set forth some twelve factors to be used in determining the reasonableness of a fee award. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974). Under § 330(a)(2), which was not amended by the BAPCPA, bankruptcy courts were expressly authorized,

**3.** The full statutory text was as follows:
(a) In a case under chapter 7 or 11, the court may allow reasonable 4 compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.
11 U.S.C.A. § 326(a) (2005).

**4.** The full statutory text formerly read as follows:
(3)(A) In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent,

and the value of such services, taking into account all relevant factors, including—
**(A)** [ ] the time spent on such services;
**(B)** the rates charged for such services;
**(C)** whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
**(D)** whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
**(E)** whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.
11 U.S.C.A. § 330(a)(3)(A) (2005) (footnote omitted).

either on their own motion or on the motion of a party in interest, to award less than the amount of compensation being sought. 11 U.S.C.A. § 330(a)(2) (2005). The law in this circuit was clear that the statutory caps set forth in § 326(a) were limits on compensation, not entitlements. *In re Lan Associates*, 192 F.3d at 122 (discussing legislative history).

Under the Code as now amended by the BAPCPA, bankruptcy courts are still authorized to award (i.e., they "may" award) trustees "reasonable compensation" for their "actual, necessary services." 11 U.S.C.A. § 330(a)(1)(A) (2009). Further, courts are still authorized to (i.e., they "may") award compensation in an amount that is less than that being requested—whether on the court's own motion or on the motion of a party in interest. *Id.* at § 330(a)(2). However, § 330(a)(3), by its terms, now applies only where reasonable compensation is being determined relative to the services provided by "an examiner, trustee under chapter 11, or professional person." § 330(a)(3).[5] Moreover, § 330, as amended, now includes a new subsection (a)(7), which is key to the appeal before us:

(7) In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326.

11 U.S.C.A. § 330(a)(7) (2005). Section 326(a), which was not amended by the BAPCPA, continues to provide, in relevant part:

(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C.A. § 326(a) (2009).

Here, the Appellant's application for compensation sought a commission in the amount of $9,188.04 based on the total proceeds disbursed as a result of the sales of real estate and commercial inventory. This figure represents the maximum statutory commission permissible under 11 U.S.C. § 326.[6] The Bankruptcy Court denied this request and instead awarded a fee in the amount of $5,000.00.

 The Trustee contends that the Bankruptcy Court, in making its compen-

---

5. The amendment to § 330(a)(3) also includes an additional "relevant factor" to be considered in connection with the award of reasonable compensation to "a professional person"—*i.e.*, "whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field." 11 U.S.C.A. § 330(a)(3)(E) (2005). This amendment is not relevant for present purposes.

6. According to the Application for Trustee's Compensation and Expenses [Doc. No. 1–3] filed with the Bankruptcy Court, the total disbursements to parties in interest, excluding the Debtor, equaled $118,761.24. Thus, applying the formula set out in 11 U.S.C. § 326(a), the Trustee calculated his commission as follows:

| | | |
|---|---|---|
| 25% on 1st $5,000.00 | = | $1,250.00 |
| 10% on next $45,000.00 | = | $4,500.00 |
| 5% on next $940,000.00 | = | $3,438.04 |
| 0% on balance over $1,000,000.00 | = | 0.00 |
| TOTAL COMPENSATION: | = | $9,188.04 |

(*See* Appl. for Trustee's Compensation and Expenses [1–3] at ¶ 6.)

sation award, failed to abide by the statutory mandates implemented by the BAPCPA. Although bankruptcy judges have traditionally been accorded wide discretion in determining trustee fees, *see In re Lan Associates XI, L.P.,* 192 F.3d at 122, a bankruptcy judge's application of an erroneous legal standard constitutes an abuse of that discretion. *See In re O'Brien Environmental Energy, Inc.,* 188 F.3d 116, 122 (3d Cir.1999). Further, to the extent the Trustee contends that the Bankruptcy Court applied the wrong legal standard in making its fee award, that challenge presents a question of pure law which we review *de novo. Mondelli v. Coldwell Banker,* Master File No. 07–CV–5839 (WJM), 2008 WL 1990671 at *2 n. 1 (D.N.J. May 2, 2008) (question whether the bankruptcy court applied the correct legal standard in interpreting 11 U.S.C. § 330 involves an issue of statutory interpretation which district court would review *de novo* ) (citing *In re Mednet,* 251 B.R. 103, 107 (9th Cir. BAP 2000)).

■ The Trustee's position in this appeal is succinctly stated in his *amicus* brief as follows: "Pursuant to the BAPCPA Amendments, Chapter 7 Trustee compensation must be determined as a commission based upon the percentages provided in Section 326, absent extraordinary circumstances unrelated to Section 330(a)(3) factors." (Amicus Br. of U.S. Trustee [5] at p. 12 of 29.) Any other interpretation, the Trustee insists, would render the new § 330(a)(7) superfluous and would disregard the fact that Chapter 7 trustee compensation was specifically excluded from the provisions of § 330(a)(3). (Amicus Br. at p. 16.) Accordingly, the Trustee argues, it was legal error for the Bankruptcy Court to consider the Appellant's "proportionate effort" in administering the underlying Chapter 7 case because, in the Trustee's view, "proportionate effort" is merely

a "euphemism for analysis of hours spent." (*Id.* at p. 26 n. 23.)

Thus, the core legal issue before me is whether bankruptcy judges, in making awards under § 326(a) are forbidden, as the Trustee posits, from considering the sort of factors enumerated in § 330(a)(3), including the amount of time spent by the trustee administering the chapter 7 proceedings or the proportionate effort expended. As of this writing, at least six courts outside of this judicial district have expressly considered this issue in some form; notably, not a single one of these courts has agreed with the Trustee's position. *See, e.g., In re Coyote Ranch Contractors, LLC,* 400 B.R. 84, 95 (Bankr.N.D.Texas 2009) (courts retain the discretion, following BAPCPA, to consider § 330(a)(3) factors in determining what is reasonable compensation under the § 326(a) commission scheme); *In re Owens,* No. 05–70329–fra7, 2008 WL 4224530 (Bankr.D. Or. Sept. 15, 2008) (applying BAPCPA amendments retroactively and construing the § 326(a) commission as presumptively reasonable but susceptible to reduction where the statutory commission "is substantially disproportionate to the value of the trustee's services" or "excessive"); *In re McKinney (McKinney II),* 383 B.R. 490, 494 (Bankr.N.D.Cal.2008) (courts retain the discretion to award compensation that is less than the statutory maximum if, "after reviewing time records and all other relevant facts and circumstances," the court determines that the statutory maximum is substantially disproportionate to the value of the trustee's services); *In re Mack Properties, Inc.,* 381 B.R. 793, 799 (Bankr.M.D.Fla.2007) (although court would not require chapter 7 trustees to maintain time records, trustee would nevertheless be required to submit a "sufficient factual basis for the requested compensation"; court would continue to apply a reasonableness standard in order

to ensure that trustee is not over-compensated in relation to the services performed); *In re Robinson–Wolf*, No. 06–16534–RAG, 2007 WL 3010579 at *3 (Bankr.D.Md. Oct.10, 2007) (court would award fee based on statutory commission discounted by a reasonable amount "as determined by the circumstances of the case and the actual services performed"; trustee's hourly rate and the number of hours involved "provide significant guidance in setting the ultimate amount of compensation to be awarded"); *In re Clemens*, 349 B.R. 725, 732–33 (Bankr.D.Utah 2006) (trustee is not automatically entitled to the statutory maximum award and court may award compensation in a lesser amount based on considerations including the time and labor required by the trustee). *But see In re Phillips*, 392 B.R. 378, 385 (Bankr.N.D.Ill.2008) ("following the Trustee's line of argument that the six factors referenced in § 330(a)(3) should not be considered in making awards of compensation as a commission to Chapter 7 trustees via § 330(a)(7) and § 326(a)," court would nevertheless award compensation that was less than the statutory maximum based on its consideration of other *Johnson*[7] factors that are not specifically referenced in § 330(a)(3)).

Nor do the cases support the Trustee's position that the BAPCPA amendments essentially eliminated the concept that § 326(a)'s statutory formula represents a maximum, or cap, on permissible fee awards. *See, e.g., In re Phillips*, 392 B.R. at 383 (§ 326(a), which was not amended by the BAPCPA, "establishes a cap or ceiling on the amount Chapter 7 trustees may receive as compensation, and leaves courts with certain discretion in the determination of what the appropriate award should be in each case."); *In re Mack*

*Properties, Inc.*, 381 B.R. at 797 (§ 326 commission calculations, constitute compensation ceilings or caps, not fee entitlements).

The Trustee, while acknowledging many of the foregoing decisions, nevertheless criticizes them as "hopelessly contradictory" (Amicus Br. of U.S. Trustee at p. 24) and errantly focused on a perceived inconsistency which, in the Trustee's view, does not exist. (*Id.* at p. 25.) That supposed inconsistency—that compensation is to be awarded as a commission but must also be reasonable—is resolved, according to the Trustee, by Congress' determination that the commission amount established in § 326(a) is presumptively reasonable and should not be reduced according to the factors set forth in § 330(a)(3). Indeed, the Trustee maintains that the statutory commission award should only be reduced in the most extraordinary circumstances as where, *e.g.*, the trustee has delegated a substantial portion of the case administration or where the trustee's administration fell below acceptable standards. (*See* Amicus Br. of U.S. Trustee at p. 17 n. 11.) I find this argument unpersuasive.

To be sure, § 330(a)(7) directs that, in determining the amount of reasonable compensation to be awarded a chapter 7 trustee, "the court *shall* treat such compensation as a commission, based on section 326." 11 U.S.C. § 330(a)(7). As the Trustee points out, the term "commission," though not defined in the Code, typically is understood to mean a "percentage of money taken in on sale," *see Webster's New World Dictionary of the American Language* 285 (2d ed. 1972), or "a percentage of the money received from the transaction." *See Black's Law Dictionary* 264 (7th ed. 1999) (cited in Amicus Br. of the U.S. Trustee [5] at p. 15 of 29). But to say

---

**7.** *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) (court utilized a dozen factors in determining reasonable fee award).

that reasonable compensation "shall" take the form of a commission merely begs the question what "commission"—i.e., what percentage—is reasonable under the circumstances of the case.

The Trustee contends that the statutory maximum amounts set forth in § 326(a) should be treated as the presumptively appropriate fee and awarded in virtually all cases under Chapter 7. Some courts, however, have interpreted the fee structure of § 326(a) as merely establishing the maximum allowable compensation, rather than a presumptive entitlement. *See, e.g., In re Phillips*, 392 B.R. at 384 (declining to infer from § 326(a) that the statutory maximum fees contained therein should be presumptively allowed in the absence of express statutory language; "[w]here Congress clearly intended to draft presumptions in the BAPCPA amendments, it did so as evidenced by § 362(c)(3)(C) and § 362(c)(4)(D) . . .").

Moreover, even if § 330(a)(7) can be construed to mean that the § 326(a) compensation structure represents the presumptively appropriate fee, I am disinclined to construe the statutory scheme as narrowly as the Trustee urges. The Code's repeated reference to awards of "reasonable compensation," *see* 11 U.S.C. § 330(a)(1)(A) (authorizing courts to award trustees "reasonable compensation"); *id* at § 330(a)(7) ("In determining the amount of reasonable compensation to be awarded . . ."); *id* at § 326(a) (authorizing courts to allow "reasonable compensation" to trustees)—together with § 330(a)(2)'s express authorization for courts to award less than the amount of compensation requested—strongly suggests that the bankruptcy courts retain meaningful discretion in making their determinations as to what constitutes "reasonable compensation." *See In re Coyote Ranch Contractors, LLC*, 400 B.R. at 95 ("Because of Section 330(a)(1)

and (a)(2), courts still, without a doubt, have discretion to award chapter 7 trustees something less than what is generally requested/expected in a Chapter 7 case (i.e., less than the Section 326 commission structure)."). In fact, even those courts that view the § 326(a) fee structure as presumptively reasonable have been unwilling to construe the statutory scheme as narrowly as the Trustee advocates. *See, e.g., In re Owens, supra*, 2008 WL 4224530 at *2 (the "presumptive commission established by § 326 must be adjusted to the extent necessary to ensure that the commission actually paid is reasonable"; courts "may find that a presumed fee is substantially disproportionate to the value of the trustee's services where it is excessive in light of the efforts actually applied by the trustee"); *In re Robinson–Wolf, supra*, 2007 WL 3010579 at *3 (in awarding fee for trustee work performed pursuant to Chapter 7, court would calculate the maximum commission that the trustee could have earned based on the sums distributed and then would voluntarily discount the commission by a reasonable amount "as determined by the circumstances of the case and the actual services performed"); *In re McKinney II, supra*, 383 B.R. at 494 (court would view the statutory maximum fee as presumptively reasonable but would reduce the fee as necessary, after reviewing time records and all other relevant facts and circumstances, to ensure that the fee is "not substantially disproportionate to the value of the trustee's services").

In addition, I am not persuaded by the Trustee's fundamental rationale for arguing that any and all factors enumerated in § 330(a)(3) may not be considered in the context of Chapter 7 compensation awards. The Trustee bases his argument on the fact that the BAPCPA amended § 330(a)(3) so as to reference only trustees "under chapter 11." According to the

Trustee, it follows that Congress must have intended that the § 330(a)(3) factors play no part whatsoever in the determination of reasonable compensation for Chapter 7 trustees.

This argument fails to acknowledge the precise nature of the amendment to § 330(a)(3). That provision now, as before, lists certain factors that courts "**shall consider**" in determining the amount of reasonable compensation to be awarded. Thus, in chapter 11 cases, courts "shall" continue to consider the § 330(a)(3) factors in determining reasonable compensation. By virtue of the BAPCPA's amendment, the statutory *mandate* to consider the enumerated § 330(a)(3) factors no longer applies in Chapter 7 cases. One court has interpreted this change as granting bankruptcy courts the *discretion* in Chapter 7 cases to base their awards on the § 326(a) statutory commission alone:

> The omission of "chapter 7 trustee" from Section 330(a)(3), from being among those persons with regard to whom the court "shall" take into consideration certain *Johnson*-type factors, must mean that a chapter 7 trustee's fee, calculated under the commission structure set forth in Section 326, **shall be permitted to be regarded as the reasonable compensation to be paid to him in the chapter 7 case, and the court shall not be required to undertake the *Johnson*-type analysis contemplated in Section 330(a)(3).** Whereas with chapter 11 trustees, Congress has clarified that courts must undertake a *Johnson*-type analysis (and award only what is justified as reasonable compensation-up to no more than the Section 326 cap), with chapter 7 trustees, courts may start and end with the cap (i.e., there is no obligation to consider the factors described in Section 330(a)(3)).

*In re Coyote Ranch Contractors*, 400 B.R. at 94 (emphasis in the original).

Yet it does not necessarily follow that courts making awards in Chapter 7 cases are statutorily *forbidden* from considering the types of factors enumerated in § 330(a)(3):

> [C]ourts still, without a doubt, have discretion to award [C]hapter 7 trustees something less than what is generally requested/expected in a Chapter 7 case (i.e., less than the Section 326 commission structure). In such a situation, the court can and should consider all surrounding facts and circumstances in deciding whether to award something less than the Section 326 commission. The court believes the inquiry in such a situation may include considering the factors set forth in Section 330(a)(3). In other words, just because the court shall consider these factors in connection with a chapter 11 trustee's fee does not mean that the court shall not consider these factors if there is an objection to the statutory commission being paid to a chapter 7 trustee.

*Id.* at 95. While there was no objection to the Appellant's fee in this case, the essential logic of the court's statutory interpretation in *In re Coyote Ranch Contractors* pertains here: *to wit*, the mere fact that Chapter 7 trustees are excluded from the ambit of § 330(a)(3) and its statutory mandate that courts "shall consider" the factors enumerated therein does not mean that courts, in making Chapter 7 compensation awards, are statutorily precluded from considering those types of factors.

Nor am I persuaded by the argument that failure to adopt the Trustee's preferred statutory interpretation will render § 330(a)(7) superfluous. Recognizing a bankruptcy court's inherent discretion to award commissions that are lower than the statutory maximum based on consider-

ations such as the Chapter 7 trustee's relative expenditure of time and effort in the case does not equate to a bankruptcy court merely using the former lodestar approach. As the Appellant recognizes in his brief, "[p]rior to the [BAPCPA], the court was obligated to first determine what was reasonable compensation using the § 330(a)(3) factors and then ensure that the figure did not rise above the maximum allowable compensation allowed under § 326." (Appellant's Br. in Supp. of Trustee's Final Account and Application for Compensation as Trustee [6] at p. 6 of 10.) *Accord In re Lan Associates XI, supra* at 122 ("Only after 'reasonable fees are determined according to the ... criteria[ ] [of § 330(a) ] [are] a trustee's fees ... cut down, if required, to the statutory maximum stated in Section 326(a).") (*quoting In re Financial Corp. of Am.,* 114 B.R. 221, 223 (9th Cir.BAP1990)) (alterations and ellipsis in the original).

Following the BAPCPA, however, the commission-based structure referenced in §§ 326(a) and 330(a)(7) will presumably free courts in many (and perhaps most) Chapter 7 cases from this mandatory, and often laborious, process. As one notable authority has observed:

> New section 330(a)(7) changes current law by providing that the compensation of a trustee is to be treated as a commission, based upon the formulae in section 326(a). The primary effect of the change should be that, in the majority of cases, a trustee's allowed fee will presumptively be the statutory commission amount.

L. King, Collier on Bankruptcy, ¶ 330.03[1][a] at pp. 330–15 (15th ed. rev'd 2006). As was further observed by the court in *In re Coyote Ranch Contractors,*

> This makes imminent sense, from a policy standpoint. There are hundreds-times more chapter 7 cases in the bank-

ruptcy system than chapter 11 cases where chapter 11 trustees have been appointed. It certainly could create an administrative burden for courts and trustees if a "reasonableness" inquiry [under § 330(a)(3) ] were required in every single "asset" chapter 7 case.

400 B.R. at 94 n. 12.

This approach stands in marked contrast to that which governed Chapter 7 awards in this circuit, pre-BAPCPA. Prior to those amendments, bankruptcy courts could not consider the § 326(a) cap at all in determining reasonable compensation awards. *See In re Lan Associates,* 192 F.3d at 122 (reasonableness determinations under § 330(a) should not include consideration of the caps set forth in § 326(a)). Moreover, bankruptcy courts were advised that, "while 'each factor enumerated by § 330(a) retain[ed] independent significance,' the factor examining the cost of comparable services 'ha[d] an overarching role to act as a guide to the value of the services rendered given their nature and extent.'" *Id.* at 124 (quoting *In re Busy Beaver Bldg. Ctrs., Inc.,* 19 F.3d 833, 849 (3d Cir.1994)). Thus, I do not view the Trustee's interpretation of post-BAPCPA law as the only interpretation that can give real meaning to § 330(a)(7).

Finally, I acknowledge the fact that trustees in Chapter 7 cases often receive little or no compensation in cases where the estate is of little or no value. Indeed, the Bankruptcy Court, recognizing this problem, commented that it has "therefore, been liberal in awarding trustee fees." 366 B.R. at 476. The Trustee contends that Congress sought to redress this problem by mandating the commission scheme. However, there are sound policy considerations which counsel against what one court has termed a "slavish reliance" on the maximum commission set out in § 326(a). *See In re McKinney (McKin-*

*ney I)*, 374 B.R. 726, 731 (Bankr.N.D.Cal. 2007) ("[S]lavish reliance on the amount distributed to creditors is an inappropriate way to determine reasonable compensation for chapter 7 trustees" since the "scope and difficulty of duties that chapter 7 trustees perform vary dramatically from case to case, and often to not correspond to the amount of money distributed to creditors."). As another court has observed, "[t]he creditors in a case where significant sums are collected through unexceptional efforts by the trustee should not ... have their distributions reduced to make up for inadequate trustee compensation in previous cases." *In re Mack Properties*, 381 B.R. at 799.

Ultimately, this Court's view of the post-BAPCPA statutory commission scheme and the Trustee's competing view share much common ground. It is clear from the statutory framework that awards in Chapter 7 cases must take the form of a commission, that the commission may not exceed the amounts set forth in § 326(a), and that the courts retain discretion, even on their own motion, to award an amount lower than that which is requested. The narrow dispute here centers on the degree of discretion which bankruptcy courts retain in determining what compensation is "reasonable." Unlike the Trustee, I believe that, even post-BAPCPA, bankruptcy courts retain substantial discretion to make a "reasonableness" determination taking into account relevant factors including not just the maximum allowable award

under § 326(a), but also—in appropriate cases—the time and effort expended by the trustee on the case. Unlike the Trustee, I do not believe that this discretion is limited to only the most exceptional cases,[8] nor do I believe that the types of considerations enumerated in § 330(a)(3) can never be taken into account. I consider this view to be consistent with the plain language of the pertinent statutes as well as the case law which has been developed to date. I also find support for this view in the venerable treatise previously cited *supra*:

> [L]abelin the trustee's fee as a commission does not avoid the requirement that the court also determine that the fee is "reasonable." The 2005 Act does not alter the provision in section 330(a)(1)(A) that limits a trustee to "reasonable" compensation. Moreover, still applicable is the prohibition, set forth in section 330(a)(4), on allowance of compensation for unnecessary duplication of services, and services that were not reasonably likely to benefit the estate or necessary to the administration of the case. Accordingly, courts will continue both to test the reasonableness of a trustee's fee, and to ensure that there is not compensation for prohibited services.

> \* \* \*

> Courts may be expected to continue to assess the reasonableness of a trustee's fee and award a fee that is less than the

---

8. The Trustee posits that bankruptcy courts still retain discretion to depart from the presumptive § 326(a) fee in "rare and unusual" cases (Amicus Br. at p. 17) as where, *e.g.,* the trustee delegated a substantial portion of case administration or his administration fell below acceptable standards. (*Id.* at n. 11.) Yet the Trustee provides no guidance as to what factors could possibly inform the court's discretion in these "rare and unusual" situations. Moreover, the Trustee's position is in-

ternally inconsistent: *to wit,* to determine reasonable compensation in a case where the trustee has delegated a substantial portion of case administration, or in a case where the trustee's performance was substandard, the bankruptcy court would necessarily have to consider factors bearing on "the nature, the extent, and the value of [the trustee's] services"—i.e., the very sort of § 330(a)(3)-type factors which the Trustee contends are off limits in Chapter 7 cases.

statutory commission in light of the effort expended or results obtained. For example, duplicative services, unnecessary services or nonbeneficial services should continue, as under present law, to be excluded from an award of compensation as not reasonable, even if the result is an award that is less than the statutory commission.

**Similarly, there may be cases where the amount of "moneys disbursed" by the trustee may be very high in relation to the services performed, presenting a risk that a trustee may be overcompensated by applying the commission percentage.** Chapter 7 cases filed with a significant amount of money in existing bank accounts, or cases where the trustee has operated the business for a period of time, **or other cases where there are significant disbursements without a proportionate effort by the trustee, are examples of cases where the commission fee may not be reasonable. In such cases, even if all the services were properly performed, courts will need to assess whether the implied hourly rate is so high as to render the fee not reasonable.**

For these reasons, it will continue to be necessary for trustees to present detailed fee applications, including a schedule of the number of hours spent, daily time records supporting the time spent and a narrative of the trustee's role and accomplishments supporting the compensation award.

L. King, Collier on Bankruptcy, ¶ 330.03[1][a] at pp. 330–15–330–16 (15th ed. rev'd 2006) (emphasis supplied).

■ In light of my foregoing conclusions, I must consider whether the Bankruptcy Court adhered to the appropriate legal standard in making its compensation award. As to this issue, I am not persuaded by the Trustee's claim that the Bankruptcy Court utterly disregarded the change in the law relative to compensation awards for Chapter 7 trustees. The Trustee selectively quotes certain comments made by the Bankruptcy Judge during the initial December 4, 2006 hearing to suggest that the Judge did not "see any difference" between pre-BAPCPA law and post-BAPCPA law relative to the compensation of Chapter 7 trustees. (*See* Amicus Br. [5] at pp. 9–10, 25) (referencing the 12/4/06 transcript at pp. 4–6.) Notably, that transcript has not been provided to this Court as part of the appellate record but, more fundamentally, it must be observed that the Bankruptcy Judge specifically took the issue of the effect of the BAPCPA amendments under advisement at the conclusion of the December 4, 2006 hearing. Subsequently, he entered his memorandum opinion of April 13, 2007 in which he specifically discussed changes in the law. *In re Ward,* 366 B.R. 470 (Bankr.W.D.Pa.2007). Thus, the Bankruptcy Judge's preliminary statement during the December 4, 2006 hearing that he did not "see any difference" in the law, post-BAPCPA, should not be taken as any sort of binding legal conclusion.

Nor am I persuaded that the Bankruptcy Court, in making its compensation award, employed the very same analysis as it would have applied in pre-BAPCPA cases. On the contrary, the Bankruptcy Court stated in its April 13, 2007 opinion that an appropriate fee based on the "typical Lodestar analysis" would have been "in the $2,000 range," 366 B.R. at 476, yet it then abandoned that figure and awarded a fee which was substantially higher. It is also clear that the Bankruptcy Court considered the maximum commission available under § 326(a) (which was also the amount requested by the Appellant). Indeed, it appears that the Bankruptcy Court's consideration of this statutory fee is what

accounted for the Court's allowance of compensation in an amount well above what a "lodestar" analysis would have yielded.

In awarding a fee of $5,000.00, rather than the full statutory commission of $9,188.04, the Bankruptcy Court cited the fact that the Appellant's services essentially consisted of processing a sale of real estate that had been arranged prior to bankruptcy, engaging an auctioneer to liquidate personalty, and receiving the Debtors' tax refund. The Bankruptcy Court acknowledged that there were significant disbursements in the case but concluded that the Appellant's proportionate efforts did not merit an award in the amount of the full statutory commission. 366 B.R. at 476. I conclude that these considerations were both appropriate as a matter of law and supportive of the Bankruptcy Judge's fee award.

## IV. CONCLUSION

For the reasons previously stated, I reject the Trustee's assertion that the Bankruptcy Court committed legal error when it considered the Appellant's proportionate efforts as a factor in fashioning its compensation award. Because the Bankruptcy Court's February 8, 2008 Order did not involve legal error or constitute an abuse of the Court's discretion, it must be affirmed.

An appropriate order follows.

## ORDER

AND NOW, *to wit,* this 25th day of September, 2009, for the reasons set forth in the accompanying Memorandum Opinion,

IT IS ORDERED that the Bankruptcy Court's February 8, 2008 Order awarding the Trustee compensation in the amount of five-thousand dollars ($5,000.00) be, and hereby is, AFFIRMED.