### In re C & D DOCK WORKS, INC., Debtor.

### No. 6:08–bk–04051–ABB.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 19, 2010.

---

**31.** Doc. Nos. 98 and 102.

**32.** Doc. Nos. 99, 100, 101, and 103.

Henry G. Gyden, Lisha Bowen, Stephanie Miles, Swope, Rodante P.A., Tampa, FL, Dale A. Scott, Mary J. Walter, Bell & Roper PA, Michael M. Bell, Orlando, FL, for Plaintiff.

Lynn James Hinson, Dean Mead Egerton, Orlando, FL, for Defendant.

Carole S. Bess, Law Office of Carole Suzanne Bess, Merritt Island, FL, for Debtor.

### *ORDER*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Trustee's Final Report and Application for Compensation (Doc. Nos. 35, 37) filed by the Chapter 7 Trustee Emerson C. Noble ("Trustee"). A hearing was held on September 13, 2010 at which the Trustee, his counsel, and counsel for the Office of the United States Trustee appeared. The Trustee requests the award of a commission of $473,250.00 and costs of $62.82. His request is due to be granted for the reasons set forth herein.

### *Background*

Timothy D. Hoffman was involved in an incident in January 2003 while he was employed by the Debtor in which he sustained permanent disabling injuries. Mr. Hoffman is a partial quadriplegic as a result of the injuries. He instituted a civil action against the Debtor in Florida State Court seeking damages in excess of $76,000,000.00. The Debtor filed for bankruptcy protection on May 17, 2008 and the automatic stay of 11 U.S.C. Section 362(a) arose staying the State Court litigation.

Mr. Hoffman obtained relief from the automatic stay in September 2008 for the purpose of liquidating his damages claim. The Florida State Court entered two judgments in favor of Mr. Hoffman and against the Debtor totaling $76,695,039.82, plus interest. The Hoffman Settlement Trust, on behalf of Mr. Hoffman, filed a general unsecured claim, Claim No. 1–2, for $76,695,039.82 based upon the State Court judgments.

The Debtor's bankruptcy case appeared on its face to be a no asset case. The Debtor listed no assets in Schedule A and assets valued at $1,450.00 in Schedule B consisting of a checking account, vehicles, and a pontoon boat. It did not list any other assets including potential insurance recovery claims, even though the Debtor was insured through a commercial general liability policy with Scottsdale Insurance Company ("Scottsdale") when Mr. Hoffman was injured.

The Trustee did not declare this case a no asset case. He engaged special counsel with expertise in insurance matters and initiated an investigation into potential claims relating to the insurance policy. The Trustee determined the Debtor had recovery claims against the insurance policy and a claim against Scottsdale for its failure to defend the Debtor. These claims and the insurance policy constitute property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. Section 541(a).

The Trustee and his special counsel pursued the claims relating to the insurance policy by initiating an adversary proceeding against Scottsdale in July 2009 captioned *Emerson C. Noble, Trustee v. Scottsdale Insurance Company*, AP No.

6:09–ap–820–ABB. Scottsdale steadfastly denied coverage for the losses relating to Mr. Hoffman's incident and denied any responsibility in connection with the insurance coverage.

The Trustee and Scottsdale reached a settlement pursuant to which Scottsdale agreed to pay the Trustee $15,000,000.00 in a lump sum (Doc. No. 26). The settlement was approved by the Court by the Order entered on August 8, 2010 (Doc. No. 27). Scottsdale has paid the settlement in full.

The Trustee has recovered assets totaling $15,000,000 in this case. There are no allowed secured or unsecured priority claims in this case and two general unsecured claims were filed: Claim No. 1–2 filed by the Hoffman Settlement Trust for $76,695,039.82; and Claim No. 2–1 filed by ATLROC for $2,492.29 relating to directory advertising charges. Applications for Chapter 7 administrative fees and costs totaling $2,691,872.15 were filed consisting of:

(i)     fees of $473,250.00 and costs of $62.82 for the Trustee's commission;

(ii)    fees of $7,890.00 and costs of $47.08 for Trustee's counsel;

(iii)   fees of $859.00 and costs of $13.00 for the Trustee as accountant;

(iv)   fees of $2,205,000.00 and costs of $4,500.25 for Trustee's special counsel; and

(v) Clerk of Court fees of $250.00 for the adversary proceeding filing fee.

No objections to the Applications were filed. The Hoffman Settlement Trust supports the Applications and proposed distributions set forth in the Trustee's Final Report.

An Order was entered on September 13, 2010 granting the Hoffman Settlement Trust an interim distribution of $12,307,727.90, granting ALTROC an interim distribution of $399.95, and granting the Clerk of Court a final distribution of $250.00. Orders were recently entered awarding, in full, the fees and costs of the Trustee's special counsel, Trustee's counsel, and the Trustee's accountant. The final matter for determination is the Trustee's commission request.

### Trustee's Commission

The Trustee seeks an award of a statutory commission of $473,250.00 and reimbursement of costs in the amount of $62.82 pursuant to the commission calculation of 11 U.S.C. Section 326(a). Section 326(a) provides:

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000.00 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

■ This Court held in *In re Mack Properties, Inc.*, 381 B.R. 793 (Bankr. M.D.Fla.2007), Sections 326(a) and 330 of the Bankruptcy Code act in conjunction with each other and a Chapter 7 trustee's compensation is to be held to a reasonableness standard pursuant to the plain, unambiguous language of these statutes. The commission calculations of Section 326(a) constitute compensation caps and not entitlements. *In re Phillips*, 392 B.R. 378, 389

(Bankr.N.D.Ill.2008); *In re Clemens*, 349 B.R. 725, 732–33 (Bankr.D.Utah 2006).

■ A Bankruptcy Court has "substantial discretion" in making a reasonableness determination. *In re Ward*, 418 B.R. 667, 678 (W.D.Pa.2009). The *Johnson* factors enunciated by the Fifth Circuit Court of Appeals are relevant to determining a reasonable compensation award for a Chapter 7 Trustee. *In re Coyote Ranch Contractors, LLC*, 400 B.R. 84, 93 (Bankr. N.D.Tex.2009). The twelve factors are:

> (1) the time and labor required;
>
> (2) the novelty and difficulty of the questions involved;
>
> (3) the skill requisite to perform the legal service properly;
>
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
>
> (5) the customary fee;
>
> (6) whether the fee is fixed or contingent;
>
> (7) time limitations imposed by the client or the circumstances;
>
> (8) the amount involved and the results obtained;
>
> (9) the experience, reputation, and ability of the attorneys;
>
> (10) the "undesirability" of the case;
>
> (11) the nature and the length of the professional relationship with the client;
>
> (12) awards in similar cases.

*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974) (made applicable to bankruptcy matters pursuant to *In the Matter of First Colonial Corp. of America*, 544 F.2d 1291, 1299 (5th Cir. 1977)). A commission that is substantially disproportionate to the services the Trustee was required to perform is not reasonable. *In re McKinney*, 383 B.R. 490, 496 (Bankr.N.D.Cal.2008).

■ The Trustees' commission request of $473,250.00 is substantial and greatly exceeds the commissions sought in typical Chapter 7 bankruptcy cases. This case is not a typical Chapter 7 bankruptcy case and the Trustee's fee determination must be made based on the unique facts and circumstances of this case.

This Chapter 7 case appeared to have no assets of value based upon the Debtor's disclosures. The Trustee could have declared this case a no asset case, which would have resulted in no distributions to the estate's creditors. The Trustee initiated an investigation into the insurance issues. He determined the estate owned valuable claims relating to the Scottsdale insurance policy, including a failure to defend claim, and instituted suit against Scottsdale.

The Trustee expended substantial time and effort. The insurance issues were complex and Scottsdale was a formidable adversary. The Trustee spent more than two years investigating and litigating the insurance issues. He resolved the litigation through a settlement which has brought $15,000,000.00 into the estate. Mr. Hoffman will recover a significant portion of his claim. Had the Trustee not taken such diligent action, Mr. Hoffman would have received no recovery.

This case is distinguishable from the *In re Mack Properties, Inc.* case in which an award of the full statutory commission would have been unreasonable. The statutory commission was discounted based upon the facts and circumstances of that particular case and the commission awarded was commensurate with the effort expended and the results obtained.

The statutory commission cap of $473,312.82 is proportionate to the services the Trustee was required to perform in this case. The Trustee is entitled to an

award of the maximum commission allowed by Sections 326 and 330 based upon the unique facts of this case, the Trustee's exemplary efforts, the extraordinary results obtained, and the *Johnson* factors. An award of $473,312.82 is reasonable. The actual, necessary costs incurred are $62.82. The Trustee is due to be awarded $473,312.82.

Accordingly, it is

**ORDERED, ADJUDGED AND DE-CREED** that the Trustee Emerson C. Nobel is hereby awarded compensation, pursuant to 11 U.S.C. Sections 326 and 330, in the amount of $473,250.00 and costs of $62.82, for a total award of $473,312.82, to be paid from the estate as an allowed administrative expense.